IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ANTONIO LAMAR DUNHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-018 |
| | ) | |
| TREVON GILBERT, Correctional Officer; | ) | |
| SCOTT WILKES, Warden; DR. MARY | ) | |
| ALSTON; and DR. RITTER, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court are Plaintiff's motion for leave to file an amended complaint and motion to stay. (Doc. nos. 91, 92.) Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading more than twenty-one days after serving it "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should freely allow amendment. See Carter v. Broward Cty. Sheriff's Dep't Med. Dep't, 558 F. App'x 919, 923 (11th Cir. 2014) ("Leave to amend should be freely given . . . .") (citing Forman v. Davis, 371 U.S. 178, 182 (1962)); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). However, "[a] . . . court may deny such leave where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." Muhammad v. Sapp, 494 F. App'x 953, 958 (11th Cir. 2012) (quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008)). An amendment is futile

when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)).

Plaintiff appears to request leave to file an amended complaint to rebut the allegations in Defendants' answer, including the allegation Plaintiff has failed to state a claim. (Doc. no. 91, p. 1.) However, the Court initially allowed several of Plaintiff's claims to proceed following screening of his complaint, (doc. nos. 13, 17), and Plaintiff's deliberate indifference claims against the remaining Defendants survived a motion to dismiss, (doc. nos. 70, 76). Accordingly, amendment is not necessary for Plaintiff to proceed on his surviving claims. Furthermore, with one exception to be described below, Plaintiff's proposed amended complaint does not contain additional factual allegations as to the remaining claims and Defendants. *Compare* (doc. nos. 91-1) *with* (doc. nos. 1, 75).

Defendants oppose Plaintiff's motion because Plaintiff seeks to raise new claims against former defendant Warden Sam Zanders and Defendant Dr. Ritter, which are futile because Plaintiff failed to exhaust administrative remedies as to those claims. (Doc. no. 94.)

First, it is not at all clear from Plaintiff's proposed amended complaint he seeks to reallege claims against Warden Zanders. Furthermore, the Court previously dismissed Plaintiff's deliberate indifference claims against Warden Zanders for failure to state a claim based on the same facts alleged against Warden Zanders in his proposed amended complaint. (See doc. no.

2

12, pp. 2, 4-5, 9-11, 12-16; doc. no. 91-1, pp. 4, 6.) Accordingly, to the extent he seeks to raise claims against Warden Zanders, Plaintiff's motion to amend is futile as to Warden Zanders for the reasons stated in the Court's June 15, 2018 Report and Recommendation.

As to Dr. Ritter, Plaintiff alleges for the first time in his proposed amended complaint Dr Ritter misled him prior to his second surgery. (Doc. no. 91-1, p. 7.) Plaintiff alleges Dr. Ritter informed him only a small incision on his left side would be necessary to obtain tissue to replace Plaintiff's ear, but Plaintiff awakened after the surgery in extreme pain and with a "'nasty' looking [scar] across his left rib about '6 to 7' inches long." (Id.)

To state a deliberate indifference to a serious medical need claim, Plaintiff must allege: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant (1) was subjectively aware of a serious risk of harm and (2) disregarded that risk (3) by following a course of action which constituted more than mere negligence. Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

3

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.

Plaintiff's allegation Dr. Ritter failed to adequately inform him of the extent of the incision necessary to complete his surgery does not constitute a valid deliberate indifference claim. Plaintiff alleges, at, most, mere negligence or medical malpractice, which is insufficient to establish a claim of deliberate indifference. Campbell, 169 F.3d at 1363-72. Thus, Plaintiff's proposed amended complaint is futile to the extent Plaintiff seeks to add an additional claim against Dr. Ritter based on these allegations.

4

Because Plaintiff's proposed amended complaint would be futile, and because amendment is wholly unnecessary for Plaintiff to proceed on his existing claims, the Court **DENIES** his motion for leave to file an amended complaint. (Doc. no. 91.)

Finally, Plaintiff filed a motion to stay the proceedings in this case, including discovery, pending the Court's resolution of his motion to amend. (Doc. no. 92.) Because the Court resolves Plaintiff's motion to amend herein, Plaintiff's motion to stay is **MOOT**. (Id.)

SO ORDERED this 24th day of May, 2019, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA