FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 JUN -4 PM 4:18
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| ANTONIO LAMAR DUNHAM, | * | |
| Plaintiff, | * | |
| v. | * | CV 318-018 |
| SAM ZANDERS, Warden; TINA SANDERS, Warden of Care and Treatment; JOHN INMAN, Deputy Warden; TREVON GILBERT, Correctional Officer; DR. NURALLAH ESMAIL; DR. PAUL J. SYRIBEYS; SCOTT WILKES, Warden; DR. MARY ALSTON; and DR. EDMOND RITTER, Individually and in their Official Capacities, | * | |
| Defendants. | * | |

O R D E R

Before the Court is Defendant Dr. Paul J. Syribeys' motion for entry of final judgment under Federal Rule of Civil Procedure 54(b) and Local Rule 7.1(a), S.D. Ga. (Doc. No. 93.) The Court granted Dr. Syribeys' motion to dismiss on March 8, 2019 and dismissed him from the case. For the reasons set forth below, Dr. Syribeys' Rule 54(b) motion is **GRANTED**.

Federal Rule of Civil Procedure 54(b) allows the district court to enter final judgment on fewer than all claims or parties

in a civil case.[1] <u>Ebrahimi v. City of Huntsville Bd. of Educ.</u>, 114 F.3d 162, 165 (11th Cir. 1997); <u>Lloyd Noland Found., Inc. v. Tenet Health Care Corp.</u>, 483 F.3d 773, 777 (11th Cir. 2007). District courts should employ a two-step analysis to enter a final partial judgment under Rule 54(b). <u>Lloyd Noland Found.</u>, 483 F.3d at 777. First, the district court must decide whether its judgment is, in fact, both "final" and a "judgment." <u>Id.</u> (citing <u>Curtiss-Wright Corp. v. General Elec. Co.</u>, 446 U.S. 1, 7 (1980)). "It must be a judgment in the sense that it is a decision upon a cognizable claim for relief, and it must be final in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" <u>Curtiss-Wright Corp.</u>, 446 U.S. at 7 (quoting <u>Sears, Roebuck & Co. v. Mackey</u>, 351 U.S. 427, 436 (1956)).

Second, because "'[n]ot all final judgments on individual claims should be immediately appealable,'" the district court must determine that "there is no 'just reason for delay.'" <u>Lloyd Nolan Found.</u>, 483 F.3d at 777 (quoting <u>Curtiss-Wright Corp.</u>, 446 U.S. at 8). Here, the district court balances judicial administrative interests with the relative equitable concerns. <u>Ebrahimi</u>, 114 F.3d at 165-66 (citing <u>Curtiss-Wright Corp.</u>, 446 U.S. at 8).

---

[1] Rule 54(b) provides: "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

2

Consideration of judicial administrative interests is necessary to "preserve[] the historic federal policy against piecemeal appeals." Id. at 166 (quoting Sears, 351 U.S. at 438). Analyzing the relevant equities ensures Rule 54(b) certification is limited to situations where immediate appeal is necessary to "alleviate some danger of hardship or injustice associated with delay." Id.

In this case brought pursuant to 42 U.S.C. § 1983, the United States Magistrate Judge issued a Report and Recommendation ("R & R") on January 9, 2019, addressing Dr. Syribeys' motion to dismiss. As explained in the R & R, the incident allegedly involving Dr. Syribeys began when Plaintiff's cellmate at Dodge State Prison bit off his right ear on May 10, 2016. Plaintiff was taken to Dr. Syribeys, who told him that he could not reattach the ear. Plaintiff alleged that the decision not to reattach his ear was "an easier but much less effective course of treatment." Dr. Syribeys performed surgery on Plaintiff's right ear. The R & R explains in some detail the complications that Plaintiff had after the surgery and the alleged deliberate indifference to his medical condition Plaintiff allegedly suffered at the hands of prison officials at Dodge State Prison.

Eventually, Plaintiff was transferred to Augusta State Medical Prison in July 2016. After having a second ear surgery scheduled and postponed three times, a second reconstructive surgery was performed on October 7, 2017.

3

Plaintiff filed this lawsuit on March 14, 2018, asserting several claims against various defendants based upon the initial attack of his cellmate and the follow-up medical treatment. Following a frivolity review, the Court allowed a claim of deliberate indifference to a serious medical need related to the decision not to reattach the ear to proceed against Dr. Syribeys and others. On October 19, 2018, Dr. Syribeys moved to dismiss the claim based upon Plaintiff's failure to exhaust administrative remedies.[2]

The R & R concluded that Plaintiff failed to assert the factual basis for a deliberate indifference claim against Dr. Syribeys and the others involved in the first ear surgery. Specifically, while Plaintiff complained about the follow-up care he received after the first surgery, he did not mention anything about the decision not to reattach his ear because of the expense. Accordingly, the R & R recommends dismissal of any deliberate indifference claim arising out of the decisions associated with the first ear surgery. In accordance with this recommendation, Dr. Syribeys and the others were dismissed from the lawsuit on March 8, 2019. Other deliberate indifference claims remain, however, against other defendants particularly as they relate to the May 10, 2016 attack and the delay in medical care Plaintiff

---

[2] The other Defendants involved in the decision not to reattach the ear - Defendants Zanders, Sanders, Inman and Esmail - filed a separate motion to dismiss also based upon Plaintiff's failure to exhaust administrative remedies.

allegedly suffered at Augusta State Medical Prison. Dr. Syribeys was not involved in any of the events underlying the remaining claims.[3]

On May 14, 2019, Dr. Syribeys filed the instant Rule 54(b) motion, stating that he wishes to be free from the necessity of "monitoring continuing litigation in a matter from which he has been dismissed." (Doc. No. 93, at 6.) Plaintiff has not filed a timely response.

Turning to the merits, the Court first finds that the decision to dismiss Dr. Syribeys for failure to exhaust administrative remedies was both final and a judgment in his favor. That is, the dismissal is the ultimate disposition of the deliberate indifference claim levied against him.

Next, the Court must determine if there is no "just reason to delay" the certification of this judgment. The United States Supreme Court has declined to "fix or sanction narrow guidelines for the district courts to follow" under this second prong. Curtiss-Wright Corp., 446 U.S. at 10-11, cited in Griggs v. Holt, 2019 WL 1903402, *2 (S.D. Ga. Apr. 29, 2019) (Hall, J.). Factors to be considered, however, include "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than

---

[3] Nor were the other dismissed Defendants - Zanders, Sanders, Inman and Esmail.

5

once even if there were subsequent appeals." Curtiss-Wright Corp., 446 U.S. at 8, cited in Griggs v. Holt, 2019 WL 1903402, *2. In this case, the adjudicated claim against Dr. Syribeys is easily separable from the remaining claims against other defendants in the lawsuit. The remaining claims involve events in which Dr. Syribeys was not present. Moreover, the legal determination that Plaintiff failed to exhaust administrative remedies respecting the decision not to surgically reattach his ear is entirely distinct from the other remaining claims in the case. Further, while the Court also reviewed whether Plaintiff properly exhausted the administrative process with respect to his remaining claims and found that he had, the relevant grievances are different. The facts that must be developed to assess exhaustion relative to the claim against Dr. Syribeys are distinct from the facts that must be developed to assess exhaustion relative to the initial attack and the second ear surgery at Augusta State Medical Prison, even though the entire case arises out of the single episode of an ear bite. As pointed out in a recent decision out of this district, "district courts routinely certify final judgments on the issue of exhaustion of administrative remedies because that issue is separable from other unresolved claims." Griggs, 2019 WL 1903402, at *3 (citing illustrative cases). Thus, certification of the judgment favoring Dr. Syribeys does not offend the judicial administrative interests of avoiding piecemeal appeals. Moreover,

6

in balancing the equities, the Court recognizes that there could be an increased burden upon Plaintiff to litigate this case while litigating an appeal, if he chooses to appeal the exhaustion issue. However, requiring Dr. Syribeys and the other dismissed Defendants to await the conclusion of this case to gain ultimate finality (all the while monitoring its progress) is equally burdensome to them.

Based on the foregoing, the motion for entry of final judgment filed by Dr. Syribeys (doc. no. 93) is **GRANTED**. Accordingly, **IT IS ORDERED** that pursuant to Rule 54(b) and in the absence of any just reason for delay, the Clerk shall **ENTER JUDGMENT** against Plaintiff and in favor of Defendants Syribeys, Zanders, Sanders, Inman, and Esmail in accordance with the Order of March 8, 2019 dismissing these Defendants.

Should Plaintiff wish to file an appeal within thirty (30) days of entry of judgment, he must do so by filing a Notice of Appeal in this district court with the filing fee of $400.00. The Court recognizes that Plaintiff has been permitted to proceed in forma pauperis in this case. However, the Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Order of March 8, 2019 and the resulting Judgment would not be taken in good faith and therefore Plaintiff may not proceed in forma pauperis on appeal. See Coppedge v. United States, 369 U.S. 438,

444-45 (1962) (finding that an appeal is not taken in good faith if it is frivolous).

**ORDER ENTERED** at Augusta, Georgia, this 4th day of June, 2019.

_____
UNITED STATES DISTRICT JUDGE