FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 JUN 25 AM 9: 51
CLERK J Burton
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

ANTONIO LAMAR DUNHAM, )
)
    Plaintiff, )
)
v. ) CV 318-018
)
TREVON GILBERT, Correctional Officer; )
SCOTT WILKES, Warden; DR. MARY )
ALSTON; and DR. RITTER, )
)
    Defendants. )

**ORDER**

Plaintiff, an inmate at Baldwin State Prison in Hardwick, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. On May 24, 2019, the Magistrate Judge denied Plaintiff's motion to amend his complaint to add new claims against former defendant Warden Sam Zanders and Defendant Dr. Ritter. (Doc. no. 97.) On June 4, 2019, Plaintiff submitted objections to the Magistrate Judge's Order, in which he argues (1) his proposed amended complaint states a claim as to the claims the Court initially allowed to proceed; and (2) the Magistrate Judge should not have relied solely on Defendants' assertion Plaintiff failed to exhaust his administrative remedies as to his new claims. (Doc. no. 103.)

When considering objections to a Magistrate Judge's ruling on a non-dispositive matter, the District Judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the

entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, CV 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). "A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law." Id. (citations omitted).

First, the Court already allowed Plaintiff's remaining original claims to proceed past screening and the discovery period as to those claims is ongoing. Second, although Defendants argued failure to exhaust, the Magistrate Judge did not rely on this basis in denying Plaintiff's motion to amend. (Doc. no. 97). Indeed, the Magistrate Judge denied the motion because Plaintiff's new claims against Warden Zanders and Dr. Ritter fail to state a claim. (Id. at 2-5.)

The Magistrate Judge's decision to deny Plaintiff's motion to amend was neither clearly erroneous nor contrary to law. Accordingly, the Court **OVERRULES** Plaintiff's objections to the Magistrate Judge's Order.

SO ORDERED this ___ day of _____, 2019, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

2